UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO RIGNACK-MARTINEZ,

Petitioner,

v. Case No.: 2:26-cv-02874-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

/

**OPINION AND ORDER**

Before the Court are Roberto Rignack-Martinez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Rignack-Martinez's reply (Doc. 5).

Rignack-Martinez is a native of Cuba who entered the United States without inspection in March 2022. He has a pending application for adjustment of status under the Cuban Adjustment Act and a pending asylum application, and he has never missed an immigration appointment. Rignack-Martinez has work authorization through 2029, a Florida driver's license, and no criminal record. He also has a fixed address known to the government, and he files federal income tax returns. His mother and sister are lawful permanent residents, and his former employer intends to rehire him upon his release.

On August 14, 2026, Immigration and Customs Enforcement (ICE) arrested Rignack-Martinez when he appeared for an appointment and commenced removal proceedings with a notice to appear. On September 1, 2026, Immigration Judge Stuart Siegel denied release on bond with this order:

> The Court has conducted an individualized bond hearing. Applying the 9 Guerra factors, the Court finds that Respondent has not met his burden of proof based on the fact that Respondent has no relief that the Court can adjudicate because Adjustment of Status without proof of parole under 212d5 appears to be speculative in nature; and, based on manner of entry. see Matter of Guerra, see also, Matter of A-L-S.

(Doc. 4-1 at 16). Rignack-Martinez alleges—and the government does not dispute—that Judge Siegel did not require it to present any evidence or argument.

Rignack-Martinez requested a second bond hearing, directing Judge Siegel's attention to his pending asylum application. Rignack-Martinez's counsel was not able to submit the full asylum application because she did not have it, and the FOIA request she submitted to obtain it had not yet been fulfilled. Judge Siegel found no material change in circumstances and declined to hold a second hearing, and he noted he did not have the entire asylum application and thus could not judge its merits. USCIS advised it would produce the asylum application on or before September 28, 2026, and Rignack-Martinez's master calendar hearing was set for September 17, 2026. His counsel requested a continuance so the records could be produced. Judge

Siegel denied the continuance request, denied the asylum application without allowing it into the record, and ordered Rignack-Martinez removed to Cuba. He has appealed, so the removal order is not administratively final.

Rignack-Martinez claims his detention violates the Fifth Amendment because the bond hearing did not satisfy minimum standards for due process. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e)—it cannot reweigh evidence or otherwise review Judge Siegel's discretion. But Rignack-Martinez also recognizes that limitation and makes it clear he is challenging the process undergirding his detention, not Judge Siegel's discretion.

Because Rignack-Martinez's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the

Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, *ignored an important aspect of the issue*, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The evidence before the Court demonstrates that Judge Siegel denied bond because Rignack-Martinez failed to prove he had a meritorious application for immigration relief. Judge Siegel put the burden of proof on Rignack-Martinez but did not allow him to submit perhaps the most important piece of evidence—his pending application for asylum. Rignack-Martinez had no chance to make his case. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Rignack-Martinez's detention violates his right to due process.

Accordingly, it is hereby **ORDERED**:

Roberto Rignack-Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Rignack-Martinez and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record